TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Boulevard, Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiffs,
William and Kimberly Will

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William and Kimberly Will, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| Bureau of Collection Recovery, LLC; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiffs, William and Kimberly Will, by undersigned counsel, state as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, William Will (hereafter "William"), is an adult residing in Goodyear, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Plaintiff, Kimberly Will (hereafter "Kimberly"), is the daughter of William and is a minor residing in Goodyear, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

2

6.      The Defendant, Bureau of Collection Recovery, LLC (hereafter "BCR"), is a

company with an address of  7575 Corporate Way, Eden Prairie, Minnesota 55344,

operating as a collection agency, and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by BCR and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors

may be joined as parties once their identities are disclosed through discovery.

8.      BCR at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

9.      A person other than the Plaintiffs allegedly incurred a financial obligation (the

"Debt") to an original creditor (the "Creditor").

10.      The Debt arose from services provided by the Creditor which were primarily

for family, personal or household purposes and which meets the definition of a "debt"

under 15 U.S.C. § 1692a(5).

11.      The Debt was purchased, assigned or transferred to BCR for collection, or BCR

was employed by the Creditor to collect the Debt.

12.      The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

3

**B.     BCR Engages in Harassment and Abusive Tactics**

13.     On or around May 24, 2012, Defendants began contacting Kimberly in an attempt to collect the Debt.

14.     Defendants placed numerous calls on a daily basis to Kimberly's cellular phone.  In a span of two weeks, Defendants called Kimberly's cellular phone on over fifty (50) occasions.

15.     Kimberly has no relationship with the Creditor and never gave her consent to be called on her cellular phone.

16.     On several occasions, Defendants left voice messages on Kimberly's cellular phone, using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls"), stating they were looking for someone by the name of Francesco Sevega.

17.     On June 27, 2012, William called Defendants and explained that they were calling for the wrong person and asked that all calls to Kimberly's cellular phone stop.

18.     Defendants responded that they were not placing calls to Kimberly.

19.     After this conversation, Defendants proceeded to place seventeen (17) calls to Kimberly.

20.     William called Defendants again on July 30, 2012, and stated that Defendants were calling the wrong number and asked that the calls stop.  Nevertheless, Defendants placed an additional call to Kimberly on August 2, 2012.

4

21.     Each time Plaintiffs answered the call or listened to the voicemail message left by Defendants, Plaintiffs incurred charges.

**C.     Plaintiffs Suffered Actual Damages**

22.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

24.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

5

27.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

30.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     Without prior consent the Defendants contacted Kimberly by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

33.     The Plaintiffs are entitled to damages as a result of the Defendants' violations.

# COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36.     Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Arizona state law.

37.     The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with repeated phone calls.

38.     The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

39.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40.     As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

41.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

E. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and interference with contractual relations in an amount to be determined at trial for the Plaintiff;

8

1

       F.  Punitive damages; and

2

3

       G. Such other and further relief as may be just and proper.

4

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

5

6

7

DATED:  August 16, 2012              LEMBERG & ASSOCIATES, LLC

8

9

10

              By:  */s/Trinette G. Kent*

11

              Trinette G. Kent

12

              Attorney for Plaintiffs

13

              William and Kimberly Will

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28